UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x
ZEV ROSENBERG, *pro se*,　　　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　　　　　　:　**SUMMARY ORDER**
　　　　　　　　　　　　　　Plaintiff,　　　　　　　:　15-CV-5063 (DLI)(LB)
　　　　　　　　　　　　　　　　　　　　　　　　　　:
　　　　-against-　　　　　　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　　　　　　:
LINCOLN LIFE AND ANNUITY CO. OF NEW　　　　　　　　:
YORK and JEFFREY M. DAVIS,　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　　　　　　:
　　　　　　　　　　　　　　Defendants.　　　　　　:
------------------------------------------------------------------x
**DORA L. IRIZARRY, United States District Judge:**

On August 27, 2015, *pro se* Plaintiff Zev Rosenberg ("Plaintiff") filed the instant action, alleging several causes of action sounding in contract against Defendants Lincoln Life and Annuity Company of New York ("Lincoln Life") and Jeffrey M. Davis, Esq. ("Mr. Davis") (collectively, "Defendants"). Plaintiff's request to proceed *in forma pauperis* is granted solely for purposes of this Order. (*See* Dkt. Entry No. 2.) For the reasons set forth below, this action is dismissed in its entirety for lack of subject matter jurisdiction.

## BACKGROUND

Plaintiff alleges that, on March 14, 2005, he procured a term life insurance policy from Lincoln Life, which Lincoln Life subsequently breached in violation of the New York State Insurance Law. (*See* Compl. ¶¶ 8-15, Dkt. Entry No. 1.) Plaintiff thereafter filed a lawsuit against Lincoln Life in New York State Supreme Court, Kings County, which resulted in a settlement agreement between the parties executed on January 17, 2013 (the "Settlement Agreement"). (*See Id.* ¶¶ 17-18 with Ex. B.) According to Plaintiff, he subsequently and unexpectedly received a tax assessment from the United States Internal Revenue Service ("IRS"), stating that he owed $2,789 to the IRS based on the proceeds he received under the

Settlement Agreement. (*See* Compl. ¶ 21 with Ex. D.) However, the assessment reflected that the settlement proceeds were reported to the IRS not by Lincoln Life, but by Lincoln National Life Insurance Company of Fort Wayne, Indiana. (*See* Compl. ¶¶ 21-22 with Ex. E.)

Confused, Plaintiff contacted Lincoln Life's counsel, Mr. Davis. (*See* Compl. ¶¶ 23-24.) Mr. Davis attempted to explain why the proceeds were reported by an affiliated entity, and reissued Plaintiff an IRS Tax Form 1099-Misc demonstrating that such entity was, in fact, the payor of the settlement proceeds. (*See Id.* ¶¶ 24-25 with Ex. E.) Plaintiff, dissatisfied with Mr. Davis' response, thereafter commenced this action against Defendants, alleging that they violated the terms of the Settlement Agreement. Specifically, Plaintiff asserts common law claims for breach of contract, bad faith breach of contract, and breach of the implied covenant of good faith and fair dealing. (*See* Compl. ¶¶ 33-51.) In addition, Plaintiff alleges that Defendants should be held liable for costs and other damages Plaintiff expects to incur in the event he challenges his tax assessment before the United States Tax Court. (*See Id.* ¶¶ 52-56.)

## STANDARD OF REVIEW

"A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and citations omitted). If a liberal reading of the complaint "gives any indication that a valid claim might be stated," the Court must grant leave to amend the complaint. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000). However, "a complaint must contain sufficient factual matter . . . to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In addition, 28 U.S.C. §

2

1915(e)(2)(B) requires a district court to dismiss a case if the court determines that the action: "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

Furthermore, a plaintiff seeking to bring a lawsuit in federal court must establish that the court has subject matter jurisdiction over the action. *See, e.g., Rene v. Citibank NA*, 32 F. Supp. 2d 539, 541-42 (E.D.N.Y. 1999). "[F]ailure of subject matter jurisdiction is not waivable and may be raised at any time by a party or by the court *sua sponte*. If subject matter jurisdiction is lacking, the action must be dismissed." *Lyndonville Sav. Bank & Trust Co. v. Lussier*, 211 F.3d 697, 700-01 (2d Cir. 2000) (citations omitted); *see also* Fed. R. Civ. P. 12(h)(3).

## DISCUSSION

It is axiomatic "that federal courts are courts of limited jurisdiction and lack the power to disregard such limits as have been imposed by the Constitution or Congress." *Durant, Nichols, Houston, Hodgson & Cortese-Costa P.C. v. Dupont*, 565 F.3d 56, 62 (2d Cir. 2009) (quotation marks omitted). Federal subject matter jurisdiction exists only where the action presents a federal question, *see* 28 U.S.C. § 1331, or where there is diversity jurisdiction pursuant to 28 U.S.C. § 1332. *See Petway v. N.Y.C. Transit Auth.*, 2010 WL 1438774, at *2 (E.D.N.Y. Apr. 7, 2010), *aff'd*, 450 F. App'x 66 (2d Cir. 2011).

Here, the Complaint fails to establish any valid basis for this Court's jurisdiction over Plaintiff's claims. First, diversity jurisdiction pursuant to 28 U.S.C. § 1332 is properly invoked only where there is complete diversity of citizenship between the parties, such that each defendant is a citizen of a different state than each plaintiff. *See Owen Equip. and Erection Co.*

3

*v. Kroger*, 437 U.S. 365, 373 (1978); *Graves v. Home Depot U.S.A., Inc.*, 2013 WL 3055348, at *1 (S.D.N.Y. May 24, 2013). However, as Plaintiff's own pleadings acknowledge, both Plaintiff and Lincoln Life are citizens of New York. (*See* Compl. ¶¶ 1-2.) Accordingly, complete diversity of the parties is lacking, thus precluding subject matter jurisdiction under 28 U.S.C. § 1332.

Second, the United States Supreme Court has stated that, "[i]n the absence of diversity of citizenship, it is essential to jurisdiction that a substantial federal question should be presented." *Hagans v. Lavine*, 415 U.S. 528, 537 (1974) (quoting *Ex parte Poresky*, 290 U.S. 30, 31-32 (1933)). "A plaintiff properly invokes [federal question jurisdiction] when she pleads a colorable claim 'arising under' the Constitution or laws of the United States." *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 513 (2006) (citing *Bell v. Hood*, 327 U.S. 678, 681-85 (1946)). Here, even construing the Complaint liberally, it neither pleads nor suggests any valid basis for federal question jurisdiction. The crux of the Complaint is Plaintiff's allegation that Defendants breached the Settlement Agreement, a matter of state contract law that does not arise under the Constitution or any federal law. Although Plaintiff further alleges that Defendants wrongfully caused him to incur unwarranted federal income taxes, Plaintiff concedes that this claim also arises from Defendants' alleged breach of the Settlement Agreement. (*See* Compl. ¶¶ 52-56.) Furthermore, to the extent Plaintiff seeks to challenge the imposition of the tax itself, Plaintiff indicates that he intends to do so in the United States Tax Court. Accordingly, Plaintiff has failed to establish any basis for federal question jurisdiction pursuant to 28 U.S.C. § 1331.

While ordinarily the Court would allow Plaintiff an opportunity to amend the Complaint, *see Cruz v. Gomez*, 202 F.3d 593, 597-98 (2d Cir. 2000), it need not afford that opportunity here

4

because it is clear from Plaintiff's submissions that he cannot establish a basis for this Court's subject matter jurisdiction. Accordingly, leave to replead is denied, as any amendment would be futile. *See Ashmore v. Prus*, 510 F. App'x 47, 49 (2d Cir. 2013) (leave to amend futile where barriers to relief cannot be surmounted by reframing complaint); *Cuoco*, 222 F.3d at 112.

## CONCLUSION

Plaintiff's motion to proceed *in forma pauperis* is granted solely for purposes of this Order. For the foregoing reasons, this action is dismissed in its entirety, without prejudice, for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and, therefore, *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: Brooklyn, New York
January 25, 2016

/s/
DORA L. IRIZARRY
United States District Judge